# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SHERRY LYNNE VAN BRINK,**

        **Plaintiff,**

**-vs-**                                                                                                  **Case No. 6:14-cv-1106-Orl-DAB**

**CAROLYN W. COLVIN,**
**Acting Commissioner of the**
**Social Security Administration,**

        **Defendant.**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's decision to deny Plaintiff's applications for disability benefits. For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED.**

## Procedural History

Plaintiff applied for a period of disability and disability insurance benefits, alleging that she became unable to work on November 15, 2010 (R. 13, 165). The agency denied Plaintiff's applications initially and on reconsideration. Plaintiff requested and received a hearing before an administrative law judge ("the ALJ"). Following hearing, the ALJ issued an unfavorable decision, finding Plaintiff to be not disabled (R. 10-28). The Appeals Council declined to grant review (R. 1-6), making the ALJ's decision the final decision of the Commissioner.

Plaintiff timely filed her complaint in this action, and the parties have consented to the jurisdiction of the United States Magistrate Judge. The matter has been fully briefed and the case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## Nature of Claimed Disability

Plaintiff claims to be disabled due to pain and residuals from "pinch nerve T 9, lower back, steel plates in lower back" (R. 254).

*Summary of Evidence Before the ALJ*

Plaintiff was fifty years old as of the date of alleged onset (R. 26, 165), with a high school education and completion of a Licensed Practical Nursing program (R. 190), and past relevant work as an LPN and office manager in a doctor's office (R. 190, 39).

In addition to the medical reports and opinions of the treating providers, the record includes the testimony of Plaintiff and a Vocational Expert ("the VE"); written forms and reports completed by Plaintiff; and opinions from state agency reviewers. The medical evidence relating to the pertinent time period is well detailed in the ALJ's opinion and in the interests of privacy and brevity will not be repeated here, except as necessary to address Plaintiff's objections. By way of summary, the ALJ found that Plaintiff has the severe impairments of: status post L4-5 fusion with low back pain, mild cervical degenerative disc disease (DDD) with no protrusion or stenosis (20 CPR 404.1520(c)) (R. 15), but does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (R. 16). The ALJ then found that Plaintiff had the residual functional capacity ("RFC") to perform:

> sedentary work as defined in 20 CFR 404.1567(a) except she can lift/carry 10 pounds frequently and 20 pounds occasionally. She can sit and stand for 8 hours but would need to alternate her body posture every half an hour. She can walk for a total of 4 hours in an 8-hour work day. She can push/pull with her feet and legs. She cannot climb ladders, ropes or scaffolds. She can climb stairs or ramps occasionally. She can occasionally bend, balance, stoop, squat, crouch, crawl and kneel. She has no restrictions on the use of her arms, hands or shoulders. She has no vision, hearing or communication issues. She should avoid heights and vibrations.

(R. 16).

The ALJ determined that Plaintiff was unable to return to any past relevant work (R. 26). With the assistance of the Vocational Expert, the ALJ determined that there are jobs that exist in

significant numbers in the national economy that the claimant can perform (R. 26-27), and she was, therefore, not disabled (R. 28).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff objects to the ALJ's assessment of the opinion of a treating provider and contends that the vocational findings were not made in accordance with proper legal standards and are not supported by substantial evidence. The Court reviews these objections in the context of the sequential evaluation utilized by the ALJ.

*The Five Step Analysis*

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). The plaintiff bears the burden of persuasion through step 4, while at step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

*Opinion Evidence*

Plaintiff contends the ALJ did not properly weigh the opinion of treating physician, Dr. Anne Dunham. As discussed in detail in the administrative decision, Plaintiff saw Dr. Dunham, a pain management specialist, from August 2011 through September 2012, for treatment of Plaintiff's complaints of low back and bilateral leg pain (R. 20-22, 280-92). On March l, 2012, Dr. Dunham completed a Medical Source Statement of Ability to Do Work Related Activities (R. 277-279). As the ALJ summarized that statement: "Dr. Dunham opined that the claimant was limited to lifting/carrying less than 10 pounds; stand/walk for less than 2 hours in an 8-hour work day; sit for about 6 hours in an 8-hour work day; limited pushing/pulling of less than 10 pounds; precluded from balancing, kneeling, crouching or crawling; climbing on an occasional basis; limited handling, fingering and feeling with both hands; limited exposure to temperature extremes; limited exposure

to humidity/wetness and limited exposure to hazards (machinery, heights, etc.) and would be absent from work more than 3 times a month (Exhibit 14F)." (R. 21). In a treatment note, Dr. Dunham referred to Plaintiff as being "disabled." (R. 288).

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).) Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436 (11th Cir. 1997)*; Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). An ALJ may discount a physician's opinion, including a treating physician's opinion, when the opinion is conclusory, the physician fails to provide objective medical evidence to support his opinion, the opinion is inconsistent with the record as a whole, or the evidence otherwise supports a contrary finding. *See* 20 C.F.R. § 404.1527(c)(3)-(4); *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1159-60 (11th Cir. 2004); *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). When determining the weight to give a doctor's opinion, an ALJ may consider numerous factors, including whether the doctor examined the claimant, whether the doctor treated the claimant, the evidence the doctor presents to support his or her opinion, whether the doctor's opinion is consistent with the record as a whole, and the doctor's specialty. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c).

Applied here, the ALJ discussed the medical and other evidence at length, and ultimately gave "little weight" to the opinion of Dr. Dunham (R. 25). The ALJ noted, in part:

>Although her exam showed that she was neurologically intact and only had some tenderness with negative straight leg raising, treatment notes also show that she had some edema from her medications but was walking fairly well and had good range of activities of daily living as discussed above. Review of the medical evidence shows that Dr. Dunham's opinion should be rejected here and given no probative weight because the opinion is not supported by the treating notes. Review of the treatment notes show nothing more than monthly visits in which the claimant was given refills on his [sic] narcotic pain medications with little adjustment or trials of other medications. The treatment notes also indicated that she reported using her medications effectively, appropriately, compliantly and with no adverse reactions for which her pain was fairly well controlled. Dr. Dunham also opined that the claimant was disabled without even sending her out for any testing (which had previously been recommended by her neurosurgeon). Overall, the rather benign physical exam findings and the overall treatment notes do not support the noted limitations given at Exhibit 14F particularly with regard to the upper extremity limitations in light of normal EMG/nerve conduction studies (Exhibit 15F/3) and her preclusion from postural motions in light of normal strength found upon exam at Exhibit 3F. Moreover, the issue of disability is a determination reserved to the Commissioner. SSR 06-3p.

(R. 25).

Plaintiff contends that the opinions of Dr. Dunham are entitled to controlling weight because they are well supported by clinical evidence and Dr. Dunham is a specialist.  Plaintiff also contends that the ALJ applied an improper standard in discounting the opinion for lack of a functional capacity evaluation and mischaracterized the evidence.

As noted, a treating physician's opinion may be discounted if there is good cause to do so. The ALJ here listed several factors in support of her decision to give the opinion little weight. The ALJ noted that Dr. Dunham's treatment notes showed only routine treatment with generally benign physical exam findings. The ALJ found that treatment consisted of pain medication, with no changes to dosage, and Dr. Dunham repeatedly noted that the medications were effective and Plaintiff's pain was fairly well controlled.  A review of those notes supports these findings (R. 280-92). The ALJ further noted that Dr. Dunham's opinion was inconsistent with other medical evidence, including normal EMG/nerve conduction studies, normal strength exam, and other findings made by her neurosurgeon, Dr. Kuhn (R. 24).  This, too, is supported by the record (R. 235, 245-46, 282).

Additionally, the ALJ observed that Plaintiff has a wide range of daily activities that "do not support that she is as limited as she has alleged" (R. 25). The ALJ noted that Plaintiff "is able to drive, do household chores as well as small household projects such as caulking [the] bathroom, go grocery shopping, run errands, cook, clean and do laundry as well as some yard work. Moreover, the claimant also admitted that she has assisted her father by driving two hours to Plant City and taking him to his doctor's appointments as well as having him visit and stay with her on occasion." (R. 24-25). These observations, too, have record support (R. 281, 291, 54-55).

Finally, the ALJ observed that Dr. Dunham's opinion that Plaintiff was disabled was made without the benefit of functional capacity testing recommended by Plaintiff's neurosurgeon and, further, was a determination reserved for the Commissioner. These findings, too, are supported. Although the Court agrees with Plaintiff that the lack of a functional capacity evaluation, without more, would be an insufficient basis for rejecting the opinion of Dr. Dunham, the ALJ did not base her finding on the lack of such testing. Rather, the ALJ was contrasting Dr. Dunham's opinion of disability, rendered without the benefit of testing, with the absence of such an opinion from Plaintiff's other treating physician, a neurosurgeon, who had opined that he could not accurately evaluate the claimant's work capabilities in an office setting and recommended a formal functional capacity evaluation (R. 19). As for not automatically crediting a conclusion that a claimant is disabled, "the task of determining a claimant's ability to work is within the province of the ALJ, not a doctor . . ." *Cooper v. Astrue,* 373 Fed.Appx. 961, 962 (11th Cir. 2010); *see also Green v. Social Sec. Admin.,* 223 Fed.Appx. 915, 923 (11th Cir. 2007) ("Although a claimant may provide a statement containing a physician's opinion of her remaining capabilities, the ALJ will evaluate such a statement in light of the other evidence presented and the ultimate determination of disability is reserved for the ALJ. 20 C.F.R. §§ 404.1513, 404.1527, 404.1545.").

In view of the above, Plaintiff's assertion that the ALJ should have given the opinion controlling weight, citing other evidence which she contends supports a finding of impairment and urging interpretation of treatment notes and findings "in context," fails to persuade (Brief, pp.18-22). At most, Plaintiff's contentions argue that a *different* conclusion could be supported by the evidence. At issue, however, is not whether the evidence could support a different finding (the Court agrees that it could), but whether *this* finding, made by the person charged with the task of reviewing the evidence and formulating the RFC in the first instance, is supported by substantial evidence and was made in accordance with proper legal standards. Here, the ALJ provided a detailed analysis of the evidence of record, supplied a rationale for her findings, and her conclusions are supported by the evidence she cites. "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]" and "[i]f the Commissioner's decision is supported by substantial evidence, we must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (internal quotations and citations omitted).  As the Court finds the decision meets the legal standard and is adequately supported, no error is shown.

*The Vocational Findings*

Plaintiff next contends that the ALJ's findings at steps four and five of the analysis are "internally inconsistent;" not in accordance with the proper legal standard; and are not supported by substantial evidence.

Plaintiff finds an inconsistency in the ALJ's determination that Plaintiff could not perform her past relevant work as an office manager (R. 26) but could perform the work of a hospital information clerk and appointment clerk, as they are all sedentary positions.  This contention, however, is too simplistic.  As noted by the Commissioner and set forth in the decision, the ALJ relied on VE testimony in assessing the demands of Plaintiff's past relevant work (R. 26) and her ability to perform other work, such as that of a hospital information clerk and an appointment clerk, given her RFC to

-8-

perform sedentary work with light lifting and requiring a sit/stand option and other postural limitations (R. 26-27). The VE testified that Plaintiff could return to her past relevant work as an office manager, even with the need for a sit/stand option, but "most of the day just by the nature of the work, she would be seated" (R. 59 – noting she would need to sit for more than fifty percent of the time). By contrast, the VE indicated Plaintiff could perform other work such as the positions of hospital information clerk and appointment clerk, and expressly indicated both jobs would allow a sit/stand option without limitation (R. 60). There is no inconsistency warranting reversal.

Plaintiff next assigns error to the ALJ's finding that Plaintiff had skills that would transfer to the jobs of hospital information clerk and appointment clerk as "both of these jobs have an SVP of 2, which means that they are unskilled" and "as a matter of SSA policy, skills cannot be transferred to these unskilled occupations," citing SSR 00-4p. The Court agrees with the Commissioner that this objection, based on a typographical error in the decision,[1] is misplaced, as the VE testified that these positions are semi-skilled, with specific vocational preparation (SVP) levels of three and four (*See* VE testimony at R. 59-60, citing DOT, § 237.367-010, 1991 WL 672185 (describing appointment clerk as having SVP of three) and § 237.367-022, 1991 WL 672188 (describing hospital information clerk as having SVP of four).

As a final objection, Plaintiff contends that she should be found disabled under the Medical-Vocational Guidelines.

As noted earlier, once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. *Foote v. Chater*, 67 F.3d 1553 (11th Cir. 1995). In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). This

---

[1]The ALJ erroneously noted that these positions are "SVP 2" (R. 27). However, as the ALJ was summarizing the testimony of the VE, and the VE clearly testified otherwise, the typographical error is harmless.

burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines [the "grids"]. *Foote*, 67 F.3d at 1558. Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors. 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(e); *Foote*, 67 F.3d at 1559; *Heckler v. Campbell*, 461 U.S. 458 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements, and the regulations provide that the rules will be applied only when they describe a claimant's abilities and limitations accurately).

Exclusive reliance is not appropriate "either when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills." *Walter v. Bowen*, 826 F.2d 996, 1002-3 (11th Cir. 1987). In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert. *Foote*, 67 F.3d at 1559. It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy. In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations. *Foote*, 67 F.3d at 1559.

Applied here, as recognized by the ALJ in her decision:

In determining whether a successful adjustment to other work can be made, I must consider the claimant's residual functional capacity, age, education, and work experience in conjunction with the Medical-Vocational Guidelines, 20 CFR Part 404, Subpart P, Appendix 2. If the claimant can perform all or substantially all of the exertional demands at a given level of exertion, the medical-vocational rules direct a conclusion of either "disabled" or "not disabled" depending upon the claimant's specific vocational profile (SSR 83-11 ). When the claimant cannot perform substantially all of the exertional demands of work at a given level of exertion and/or has nonexertional limitations, the medical-vocational rules are used as a framework for decisionmaking unless there is a rule that directs a conclusion of "disabled"

> without considering the additional exertional and/or nonexertional limitations (SSRs 83-12 and 83-14). If the claimant has solely nonexertional limitations, section 204.00 in the Medical-Vocational Guidelines provides a framework for decisionmaking (SSR 85-15).

(R. 26-27).

Although Plaintiff contends that grid 201.14 applies as she was limited to sedentary work, the ALJ assessed her with an RFC that included greater lifting and walking abilities than what sedentary work encompasses, and greater limitations in sitting than what sedentary work requires (R. 16). *See* 20 C.F.R. § 404.1567(a)-(b). "If an individual's capabilities are not described accurately by a rule, the regulations make clear that the individual's particular limitations must be considered." *Heckler*, 461 U.S. at 462 n.5. Moreover, the ALJ specifically found that "the claimant's additional limitations do not allow the claimant to perform the full range of sedentary work" (R. 27). "[E]xclusive reliance on the grids is not appropriate either when [the] claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills." *Phillips*, 357 F.3d at 1241-42 (internal citations omitted). The ALJ did not err in obtaining VE testimony and relying on same.

At the fifth step of the sequential analysis, the burden "shifts to the Commissioner 'to show the existence of other jobs in the national economy, which given the claimant's impairments, the claimant can perform.'" *Jones v. Apfel*, 190 F.3d 1224, 1229-30 (11th Cir. 1999)(*quoting Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)). An ALJ's findings at step five "must be supported by substantial evidence, not mere intuition or conjecture." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). As the ALJ's vocational findings at steps four and five were made in accordance with proper legal standards and are supported by substantial evidence, no error is shown.

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

42 U.S.C. § § 416(I), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do his or her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. § § 404.1505-404.1511.  The only issue before the Court is whether the decision by the Commissioner that Plaintiff did not meet this standard is adequately supported by the evidence and was made in accordance with proper legal standards.  As the Court finds that to be the case, it must affirm the decision.

## Conclusion

For the reasons set forth above, the administrative decision is **AFFIRMED.**  The Clerk is directed to enter judgment accordingly, terminate all pending matters, and close the file.

**DONE** and **ORDERED** in Orlando, Florida on July 24, 2015.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record